SYLVANUS LUDDEN, PLAINTIFF IN ERROR, V. SAUL MARSTERS, DEFENDANT IN ERROR.

Instructions to Jury.   The charge complained of, *Held*, To have submitted the case to the jury properly and fairly, and that there is evidence to sustain the verdict.

ERROR to the district court of Jefferson county.   Tried below before WEAVER, J.

*B. S. Baker*, for plaintiff in error.

*W. O. Hambel*, for defendant in error.

COBB, CH. J.

The facts in this case are as follows: Marsters, defendant in error, became indebted to S. Ludden, plaintiff in error,

in July, 1877, in a real estate transaction, in the sum of about eight hundred dollars, which was evidenced by two notes and a mortgage, and as a further security therefor pledged to the said Ludden two notes given by James W. Divilbliss for $380.00, with interest and attorneys' fees, secured by mortgage on real property in Illinois, the said Ludden agreeing in writing with the said Marsters that when the said two notes owing to him, the said Ludden, should be paid, he would deliver said pledged notes to him, the said Marsters, or the amount for which they call. One of the pledged notes was collected by the said Ludden, and the proceeds applied on the said notes and mortgage from Marsters to Ludden. The other note, being for $280, due Jan. 1, 1879, with interest at ten per cent after maturity, and $25 attorneys' fees, was when due returned to Ludden from Illinois unpaid. Suit was commenced by Marsters against Sylvanus Ludden on the 5th day of December, 1882, for the value of the last mentioned note, having paid off the two notes and mortgage for which the same was pledged, and demanded the return of the said pledged note or the amount for which it called, according to the terms of the written agreement or receipt above referred to. Ludden, the defendant, answered in said action denying all indebtedness to the plaintiff and alleging as follows, to-wit: "That when the two hundred and eighty dollar note above mentioned (being the note in controversy) became due, this defendant forwarded the same for payment, but the same was dishonored and unpaid, and said note was returned to this defendant so unpaid. That afterwards, to-wit, on or about the 10th day of January, 1879, an oral agreement was made and entered into by and between the plaintiff and this defendant, and upon a valuable consideration, moving between the plaintiff and this defendant, and to the effect, to-wit: that this defendant was to forward said note to S. D. Ludden, for the purpose of having the same collected, and that when said note was so

forwarded to said Ludden by this defendant, he had performed all and every act on his part to be by him performed, and was by said agreement to be fully released and discharged from all liabilities and obligations on his part to the plaintiff under and by virtue of any former contract or agreement made and entered into by and between plaintiff and this defendant relative to said two hundred and eighty dollar note, that immediately after the making of said oral agreement and in pursuance of, and as a part of the consideration thereof, this defendant forwarded said note to the said Ludden, and from that time to the present has he had any interest in said note whatever, nor any interest in the money arising from the proceeds thereof."

The said answer further alleges that afterwards, and at the instance and request of the plaintiff, the said S. D. Ludden caused the mortgage by which the said note was secured to be foreclosed, and recovered a judgment thereon in the circuit court of Champaign county, Illinois, for $331.47, and an attorney's fee of $25.00. That afterwards on the 7th day of March, 1881, certain lands were sold to pay the said sums subject to a redemption within fifteen months from said day of sale, and that afterwards, and a few days prior to expiration of the time for redemption of the premises, the same was redeemed and the money paid into said circuit court, and that the full amount due on said note was paid to S. D. Ludden, who now holds the same subject to the order of the plaintiff.

The plaintiff replied, substantially, denying all of the new matter contained in the said answer.

There was a trial to a jury, a verdict and judgment for the plaintiff for $324.50, and the defendant brings the cause to this court on error.

This case turns upon the question whether the facts set up by the defendant in his answer are true or not. If there was an oral agreement made between the parties at the time and of the character of that set up by the defend-

ant in the court below in his answer, and acted upon by the defendant, by turning over the note to another party at the request and by the direction of the plaintiff, that thereafter the defendant had nothing whatever to do with the said note, then his defense was complete and the verdict and judgment are wrong. But this was a question of fact for the jury. There was evidence before the jury which I think would sustain a finding either way.

Plaintiff in error in his brief complains of the first instruction given by the court on its own motion, which instruction is as follows:

"1. If you find from the evidence that the defendant held the note in question as collateral security, then you are instructed that it was the duty of the defendant to use diligence to collect the same, and if necessary for that purpose, to cause the same to be put into judgment, or the mortgage given to secure such note to be foreclosed, and the defendant will only be liable to the plaintiff for the proceeds thereof, less the proper and legitimate costs and expenses incurred in the collection of such notes, and interest thereon at seven per cent per annum from the date of the collection of such note."

This instruction should be read in connection with the next, which was as follows:

"2. If you shall find from the evidence that, under an agreement made with the plaintiff, the defendant sent the note in question on behalf of the plaintiff to Illinois for collection, then such a sending was a delivery of the note in question to the plaintiff, and the defendant would be entitled to a verdict."

These two instructions submitted the case to jury upon the evidence I think properly and fairly. The testimony of the plaintiff is positive that he did not make the oral agreement with the defendant that is set up in the answer, and that he did not request or authorize the defendant to send the said note to the said S. D. Ludden for collection,

44

while the testimony of the defendant to the contrary is less positive and is rather argumentative and constructive, and what corroboration it has in the deposition of S. D. Ludden is far from satisfying, and evidently had but little weight with the jury.

' We think that the case was fairly tried and justice done, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.